NORTHERN DISTRICT OF TEXAS
FILED

NOV 25 2015

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SOUTHLAKE CAMPUS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-720-A |
| | § | |
| ALLSTATE INSURANCE COMPANY, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion to remand filed by plaintiff, Southlake Campus, Inc., and the response of defendant, Allstate Insurance Company ("Allstate"). Also named as a defendant in this action is Bradley Dean Oliver ("Oliver"). Having considered plaintiff's motion, defendant's response, plaintiff's reply, the record, and applicable authorities, the court concludes that such motion should be denied.

I.

Background

A. Plaintiff's State Court Pleading

Plaintiff initiated this action on August 24, 2015, by filing an original petition in the District Court of Tarrant County, Texas, 48th Judicial District. This action arises from a dispute over insurance coverage of a property damaged during a storm. The basis of plaintiff's claims is that an appraisal award

on the property is invalid and that Allstate has not fully paid on the insurance contract covering the property. Plaintiff alleges various causes of action which are specifically asserted against Allstate only. The only part of the petition that includes allegations against Oliver is the section requesting a declaratory judgment.

B.  The Removal to This Court

Allstate removed the action to this court alleging that this court has subject matter jurisdiction by reason of diversity of citizenship under 28 U.S.C. § 1332, and amount in controversy in excess of the sum or value of $75,000, exclusive of interest and costs. Allstate contends that the Texas citizenship of Oliver should be disregarded because he was not properly joined as a defendant.

C.  The Motion to Remand

Plaintiff contends that removal is inappropriate, because a cause of action has been alleged against Oliver. Specifically, they claim that he is a required party in a declaratory judgment action and that they have alleged a claim of fraud against him.

D.  Response to Motion to Remand

In response, Allstate argues that Oliver is not a required party in a declaratory judgment action and that plaintiff has asserted no cause of action against Oliver.

II.

<u>Legal Principles of Removal</u>

Under 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action of which the federal district court would have original jurisdiction.[1] "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." <u>Manguno v. Prudential Prop. & Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002) (citations omitted). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns . . . which mandate strict construction of the removal statute." <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365-66 (5th Cir. 1995). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

---

[1] The removal statute provides, in pertinent part, that: [A]ny civil action brought in a State court <u>of which the district courts of the United States have original jurisdiction</u>, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a) (emphasis added).

3

III.

## Analysis

A. <u>Complete Diversity Exists</u>

The determination of the question of whether there was complete diversity depends on the merit of Allstate's contention that Oliver was improperly joined as a defendant.

To determine whether a party was fraudulently or improperly joined to prevent removal, "the court must analyze whether (1) there is actual fraud in pleading jurisdictional facts or (2) the plaintiff is unable to establish a cause of action against the nondiverse defendant." <u>Campbell v. Stone Ins., Inc.</u>, 509 F.3d 665, 669 (5th Cir. 2007). Because Allstate has not alleged actual fraud in the pleadings, the applicable test for improper joinder is:

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

<u>Smallwood v. Ill. Cent. R.R.</u>, 385 F.3d 568, 573 (5th Cir. 2004). To answer this question, the court may either: (1) conduct a Rule 12(b)(6)-type analysis or (2) in rare cases, make a summary inquiry "to identify the presence of discrete and undisputed

4

facts that would preclude plaintiff's recovery against the in-state defendant." Id. at 573-74. A Rule 12(b)(6)-type analysis of plaintiff's claims appears to be the proper method here to determine whether there exists a reasonable basis for a conclusion that plaintiff might be able to recover against Oliver.

B. The Pleading Standard to be Used in the Rule 12(b)(6)-Type Analysis

The Fifth Circuit has held that federal courts should use the state court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper joinder claim in a motion to remand to determine if the plaintiff has stated a claim against a non-diverse defendant. Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd., ___ F.3d ___ , 2015 WL 4979009, at * 3 (5th Cir. Aug. 21, 2015). Decisions of Texas appellate courts suggest that by reason of a recent amendment to the Texas Rules of Civil Procedure the issue of federal pleading standard versus state pleading standard now is somewhat moot.

In September 2011, the Texas legislature amended section 22.004 of the Texas Government Code to add a requirement that the Texas Supreme Court "adopt rules to provide for the dismissal of causes of action that have no basis in law or fact on motion and without evidence." TEX. GOV'T CODE § 22.004(g). In

5

response, the Texas Supreme Court adopted in 2013 Texas Civil Rule 91a governing dismissal of baseless causes of action, which provides in its 91a.1 subpart as follows:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

TEX. R. CIV. P. 91a.1.

Thus, Texas now has a failure-to-state-a-claim rule that is substantially the same as the federal rule that is predicated on the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, as that rule was interpreted and applied by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Though Texas appellate courts have not held that the pleading standard necessary to avoid dismissal under Rule 91a and federal Rule 12(b)(6) are identical, they have interpreted Rule 91a as requiring a federal Rule 12(b)(6)-type analysis and have relied on federal case law in applying Rule 91a. See Drake v. Walker, No. 05-14-00355-CV, 2015 WL 2160565, at *2-3 (Tex. App.-Dallas May 8, 2015, no pet.)(mem. op., not designated for publication); Wooley v. Schaffer, 447 S.W.3d 71, 76 (Tex. App.-Houston [14th

Dist.] 2014, pet. denied); GoDaddy.com, LLC v. Toups, 429 S.W.3d 752, 754-55 (Tex. App.-Beaumont 2014, pet. denied).

This court recognized the effect of the new Texas Rule 91a in Bart Turner & Associates v. Krenke when, while applying the Texas pleading standard, the court noted that the allegations of the pleading now must be examined "in the context of Rule 91a." No. 3:13-CV-2921-L, 2014 WL 1315896, at *3 (N.D. Tex. Mar. 31, 2014). In Sazy v. Depuy Spine, LLC, the court said with reference to the new Texas Rule 91a that "[t]his new rule now allows a state court to do what a federal court is allowed to do under Federal Rule of Civil Procedure 12(b)(6)." No. 3:13-CV-4379-L, 2014 WL 4652839, at *4 (N.D. Tex. Sept. 18, 2014); see also Linron Props., Ltd. v. Wausau Underwriters Ins. Co., No. 3:15-CV-00293-B, 2015 WL 3755071, at *2-3 (N.D. Tex. June 16, 2015) (using Federal Rules 12(b)(6) and 8(a)(2) to interpret Texas Rule 91a as it applies to Texas pleading standards in an improper joinder case); Plascencia v. State Farm Lloyds, No. 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081 (N.D. Tex. Sept. 25, 2014).

Now that the Texas pleading standard has, essentially, been brought into line with the federal standard, the court is making its ruling on the basis of the case law applicable to the federal standard. Rule 8(a)(2) of the Federal Rules of Civil Procedure

provides, in a general way, the applicable federal standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555, 578 n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Iqbal, 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for

relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

In Waters v. State Farm Mutual Automobile Insurance Co., the Southern District of Texas took into account in its § 12(b)(6) analysis in an improper joinder case the pleading requirements for fraud prescribed by Rule 9(b) of the Federal Rules of Civil Procedure. 158 F.R.D. 107, 108-09 (S.D. Tex. 1994); see also Medistar Twelve Oaks Partners, Ltd. v. American Econ. Ins. Co., No. H-09-3828, 2010 WL 2949337, at * 1-2 (S.D. Tex. July 23, 2010) (using Rule 9(a) to evaluate adequacy of fraud allegations in a Texas pleading).

For a pleading of a fraud claim to be sufficient, the plaintiff must set forth in the complaint the "who, what, when, where, and how" of any alleged fraud. United States ex rel. Williams v. Bell Helicopter Textron, 417 F.3d 450, 453 (5th Cir. 2005) (internal quotation marks omitted)."[A] plaintiff pleading fraud [must] specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Herrmann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002) (internal quotation marks omitted).

9

C.  <u>Plaintiff's Complaint Fails to Survive a Rule 12(b)(6)-Type Analysis as to Claims Against Oliver</u>

Plaintiff argues that the primary basis for including Oliver is that he is a required party for a declaratory judgment under Texas Civil Practice and Remedies Code § 37.006 because he has an claim or interest in the requested declaration. Doc.[2] 8 at 7. However, the Fifth Circuit has held that "The Texas Uniform Declaratory Judgments Act, is merely a procedural device; it does not create any substantive rights or causes of action." <u>Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.</u>, 99 F.3d 746, 752 n. 3 (5th Cir. 1996). A request for a declaratory judgment is merely a theory of recovery. <u>Id.</u> Thus, plaintiff's request for declaratory judgment is dependent upon an assertion of a valid cause of action against Oliver.[3] As discussed below, no such valid cause of action has been stated against Oliver.

All of plaintiff's six claims list only Allstate as defendant. See Doc. 1 at 28-34. In the motion to remand and reply, plaintiff appears to contend that it has alleged a claim for fraud against Oliver. Doc. 8 at 9-10; Doc. 15 at 7. The court

---

[2] The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this case, No. 4:15-CV-720-A.

[3] The same analysis applies to plaintiff's contention that Oliver is a necessary party for an award of attorney's fees through the request for declaratory relief. Plaintiff must allege a valid cause of action against Oliver to be successful in the request for attorney's fees from the declaratory judgment.

is perplexed by this because plaintiff's complaint explicitly states that the claim for fraud is asserted against Allstate only. Doc. 1 at 33-34. It seems that plaintiff is claiming that within the section on declaratory judgment a claim for fraud is alleged. Doc. 8 at 9-10; Doc. 15 at 7.

While it is true that the section of plaintiff's complaint requesting declaratory judgment includes some factual allegations related to Oliver, a close analysis discloses that they are nothing more than mere conclusions. No facts are alleged that would plausibly lead to the conclusion that plaintiff suffered any damage by reason of the conduct of Oliver, bearing in mind that ultimately Allstate, not Oliver, was responsible for insurance coverage. When the Texas standard for pleading, as it now exists, is applied, plaintiff's pleading fails to allege a plausible basis for fraud against Oliver.

For the foregoing reasons, the court has concluded from its Rule 12(b)(6)-type analysis that plaintiff's pleading fails to state a claim against Oliver, and that there is no reasonable basis for the court to predict that plaintiff might be able to recover against Oliver.

D. Conclusion

For the reasons given above, the court has decided that plaintiff's motion to remand should be denied and that

11

plaintiff's purported claims and causes of action against Oliver should be dismissed because of failure of plaintiff's pleading to state a claim upon which relief can be granted.

## IV.

### Order

Therefore,

The court ORDERS that plaintiff's motion to remand be, and is hereby, denied.

The court further ORDERS that all claims and causes of action asserted by plaintiff against Oliver be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

The court further ORDERS that from this point forward Allstate is the only defendant in this action and that the style of this action shall be "Southlake Campus, Inc., plaintiff, v. Allstate Insurance Company, defendant."

SIGNED November 25, 2015.

_____
JOHN McBRYDE
United States District Judge

12